## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

IN RE:

**KAREN MARIE KLINE,**

       **Debtor.**                           **No. 11-97-13074-MS**

_____

**KAREN KLINE,**

       **Appellant,**

**vs.**                                          **No. CIV 00-0177 JC/LCS**

**INTERNAL REVENUE SERVICE,**

       **Appellee.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court upon Appellant's Notice of Appeal. Appellant appeals the Bankruptcy Court's Order Denying Motion for Reconsideration of January 31, 2000. Having reviewed the submissions of the parties and the relevant law, this Court exercises jurisdiction pursuant to 28 U.S.C. § 158, and recommends the Bankruptcy Court be **AFFIRMED**.

**I.**      **Facts and Procedural Background**

Appellant filed her petition for Chapter 11 bankruptcy on May 27, 1997. Appellee filed a proof of claim reflecting estimated tax liabilities for the years 1987, and 1993 through 1996. Appellant filed an Objection to the Proof of Claim, on the grounds that she is not a taxpayer as defined by the Internal Revenue Code, and is neither liable for nor subject to any income tax.

Appellee responded to the Objection, the Court conducted a preliminary hearing on the Objection, and scheduled the matter for final hearing.

On March 3, 1999, the Bankruptcy Court held the final hearing on Appellant's Objection to Appellee's Proof of Claim.  At the hearing, Appellant testified that she earned income during the years covered by the proof of claim, (tr. 16-18), but did not file tax returns during those same years. (Tr. 18-19.) On March 24, 1999, the Bankruptcy Court entered an Order Denying Debtor's Objection to Claims of Internal Revenue Service Without Prejudice. Specifically, the Bankruptcy Court found that no evidence had been presented on which Appellant's objection could be sustained and set the amount of Appellee's claims at $66,540.98, consisting of $52,300.98 in an unsecured priority claim and $14,240.00 as an unsecured non-priority claim.  The Bankruptcy Court explicitly  granted Appellant the opportunity to file returns for the years in question, showing that her income was lower that the estimated amounts.  The record on appeal contains no indication that Appellant ever filed tax returns for the years in question, or submitted any other evidence tending to show that she was not required to file tax returns.

On April 2, 1999, Appellant filed a Motion for the Court to Amend its Findings and Amend its Judgment/Order Accordingly or in the Alternative to Set Aside Judgment/Order.  On January 31, 2000, the Bankruptcy Court denied this Motion.  Appellant filed her Notice of Appeal on February 10, 2000.

On March 2, 2000, Appellant filed an unopposed Motion to Clarify Whether Debtor's Memorandum of Law Regarding Income Taxes was Before the Court When the Court Denied Debtor's Motion for the Court to Amend Its Findings and Amend Its Judgment/Order Accordingly or in the Alternative to Set Aside Judgment/Order.  On April 24, 2000, the Bankruptcy Court denied

this Motion, reasoning that it was without jurisdiction due to Appellant's pending appeal to this Court. This Court stayed the appeal in order to allow the Bankruptcy Court to rule on the Motion to Clarify.

On May 17, 2000, the Bankruptcy Court set aside its Order denying the Motion to Clarify for want of jurisdiction and granted Appellant's Motion for Reconsideration because the Memorandum of Law Regarding Income Taxes was not in the file at the time the ruling was issued, but an endorsed copy was later brought to the clerk and included in the record. On the same day, the Bankruptcy Court issued a Second Order Denying Unopposed Motion to Clarify, taking into account Appellant's Memorandum of Law Regarding Income Taxes and findings that the memorandum raised no issues which were not raised at the final hearing on the Objection and that there were no grounds upon which the order Denying Debtor's Objection to Claim of Internal Revenue Service without Prejudice could be amended or set aside. The Bankruptcy Court therefore denied that Motion to Clarify. The Order Denying Motion for the Court to Amend its Findings and Amend its Judgment/Order Accordingly or in the Alternative to Set Aside Judgment/Order, filed January 31, 2000, was a final order for purposes of appeal. It is from this order that Appellant appeals.

## II.    Standard of Review

When reviewing a decision of the Bankruptcy Court, this Court functions as an appellate court and is authorized to affirm, reverse or modify the Bankruptcy Court's ruling or remand the case for further proceedings. *See Bartmann v. Maverick Tube Corp.*, 853 F. 2d 1540, 1543 (10th Cir. 1988). This Court reviews legal determinations on a *de novo* basis and factual findings under a clearly erroneous standard. *In re Hedged Investments Associates, Inc.*, 48 F. 3d 470, 472 (10th Cir. 1995).

### III.   Discussion

Appellant argues that Appellee failed to show that Appellant was liable for or subject to any Internal Revenue tax.  Section 1 of the Internal Revenue Code imposes a federal tax on the taxable income of every individual.  *See* 26 U.S.C. § 1.  Section 63 defines "taxable income" as gross income minus allowable deductions.  26 U.S.C. § 63.  Section 61 states that "gross income means all income from whatever source derived."  26 U.S.C. § 61.  Sections 6001 and 6011 provide that a person must keep records and file a tax return for any tax for which he or she is liable.  *See* 26 U.S.C. §§ 6001; 6011.  Finally, Section 6012 provides that every individual having gross income that equals or exceeds the exemption amount in a taxable year shall file an income tax return.  *See* 26 U.S.C. § 6012.  Failure to file an income tax return subjects an individual to criminal penalty.  *See* 26 U.S.C. § 7203; *United States v. Pottorf*, 769 F. Supp. 1176, 1183 (D. Kan. 1991).

It is undisputed that Appellee timely and properly filed a proof of claim in the bankruptcy case.  A properly filed proof of claim is prima facie evidence of the validity and amount of the claim.  FED. R. BANK. P. 3001(f).  While the Supreme Court has recently held that the Bankruptcy Code does not alter the burden on a tax claim, *see Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 1951 (2000), the burden of persuasion has long rested with the Government.  *See In re Harrison*, 987 F. 2d 677, 680 (10th Cir. 1993). Appellee properly filed a proof of claim setting out Plaintiff's estimated tax liability for the years in question.  At the March 3, 1999 hearing, Appellant testified that she was employed as a real estate agent and received rental income during the years in question, but that she did not file income tax returns.  (Tr. at 16-19.)  Appellant offered absolutely no evidence to refute Appellee the proof of claim.  Indeed, the Bankruptcy Court allowed Appellant the opportunity to object to Appellee's claim after filing tax returns for the years in question.  Appellant failed to file

such returns, or offer any other proof in support of her contention that she was not subject to the requirements of § 6012.  Under these circumstances, the Bankruptcy Court correctly determined Appellant's tax liability.

Appellant argues that the Bankruptcy Court failed to consider 26 U.S.C. § 6012 *in pari materia*.  Specifically, she argues that the Bankruptcy Court erred in omitting the words "for the taxable year" from its Order.  A review of the Order establishes that the Bankruptcy Court considered § 6012 with respect to 1987 and 1993-1996.  The Bankruptcy Court heard testimony that Appellant earned income for the years covered by the proof of claim, yet she failed to file tax returns for those years.  The Bankruptcy Court denied Appellant's objection without prejudice to her ability to file tax returns for the years in question, which could set her actual income levels for those years.  Appellant failed to file such returns.  A review of the record established that the Bankruptcy Court properly construed Section 6012.

Appellant contends that the proof of claim is fraudulent and uses "inflated and usury" figures.  This argument is not supported by the record.  Appellant presented absolutely no evidence that the estimated figures on the proof of claim were erroneous.  Although the Bankruptcy Court denied the objection without prejudice, Appellant failed present any evidence to rebut Appellee's showing.  Appellant's argument wholly unsupported by the record.

Appellant contends that Appellee is not her creditor because it has failed to establish that she is liable for any internal revenue tax.  Appellee properly filed a proof of claim setting out Plaintiff's estimated tax liability.  Appellant testified that she had income during that period, yet failed to file income tax returns.  Appellant failed to present any evidence to the Bankruptcy Court that would tend

to rebut Appellee's proof of claim.  Thus, the Bankruptcy Court properly found that Appellee was Appellant's creditor.

Appellant contends that the Bankruptcy Court erred in finding that she is a taxpayer. The Internal Revenue Code defines taxpayer "any person subject to any internal revenue tax." 26 U.S.C. § 7701(a)(14). Appellant testified that she received  income during the years in question and offered no in support of her contention that she was not subject to the requirements of Section 6012. Therefore, the Bankruptcy Court correctly determined that Appellant's was a taxpayer.

Finally, Appellant argues that the tax code should be construed against Appellee and in her favor.  It is true that tax statutes must be construed liberally against the government. *Gould v. Gould*, 245 U.S. 151,  153 (1917).  In this case, the Bankruptcy Court construed the applicable statutes in Appellant's favor by denying her objection without prejudice to her ability to file tax returns and challenge Appellee's estimated tax liability.  Appellant's failure to present any facts in support of her position did not permit the Bankruptcy Court to rule in her favor.  The Bankruptcy Court correctly held that, on the evidence presented, Appellee's proof of claim was valid until such time as Appellant filed tax returns.

## RECOMMENDED DISPOSITION

The Bankruptcy Court's Order Denying Motion for Reconsideration of January 31, 2000 should be affirmed. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may  file with the Clerk of the District Court written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period

allowed if that party wants to have appellate review of the proposed findings and recommendations.

If no objections are filed, no appellate review will be allowed.

_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**